EVANS, Circuit Judge,
concurring.
Although it’s debatable whether expending dynes (to say nothing about newtons) pressing the keys of my wordprocessor to concur in this case is worth the effort, I do so because the result we reach, though correct on the law, is divorced from common sense. For one thing, people don’t get charged criminally for expending a newton of force against victims. Flores actually beat his wife — after violating a restraining order based on at least one prior beating — and got a one-year prison sentence for doing so.
*621 If it is permissible to look to Flores’ “real conduct” to determine if the person he beat was his wife rather than some stranger, why does it not make perfectly good sense to allow an immigration judge to look at what he really did in other respects as well, rather than restrict the judge to a cramped glance at the “elements” of a cold statute? The more information upon which the judge acts, the better. A common-sense review here should lead one to conclude that Flores committed a “crime of domestic violence.” Simply put, by any commonly understood meaning of that term, that’s exactly what he did, and that should be the end of the story. We, and the IJ as well in this case, should be able to look at what really happened.
We recently observed that critics of our system of law often see it as “not tethered very closely to common sense.” United States v. Cranley (2003 WL 22718171, decided November 19, 2003). This case is a good example of why that observation hits the nail on the head. Nevertheless, Judge Easterbrook is correct in applying the law so I join his persuasive (as usual) and colorful- — snowballs, spitballs, and paper airplanes et al. — opinion. However, I do not applaud the result we reach. And one final point: Whether doing what Flores actually did should cause him to be removed from the country is a question we are without jurisdiction to answer. For better or worse, that’s a matter for the executive branch as it attempts to implement the will of Congress.